# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMACY ENGINEERING, INC., a New Jersey Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ITE, INC, a Virginia Corporation; ISPA TECHNOLOGY, LLC, a Virginia Limited Liability Company; TED RAITCH, an individual; CHRISTIAN S. BROWN, an individual; and Does 1-100,<br><br>Defendants. | CASE NO. 3:18-cv-01781-GPC-MDD<br><br>Hon. Gonzalo P. Curiel<br>Courtroom: 2D<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING MOTIONS TO STRIKE**<br><br>[ECF Nos. 4, 5, 7, 21, 23.] |

Before the Court is Defendant ISPA Technology, LLC's Motion to Dismiss (ECF No. 4), its Motion to Strike (ECF No. 5), as well as Defendants ITE, Inc. and Ted Raich's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 7), Motion to Dismiss for Failure to State a Claim (ECF No. 23), and Motion to Strike (ECF No. 21).

After all five motions were noticed for hearing on September 28, 2018, the Court issued briefing schedules requiring the Plaintiff, Primacy Engineering, Inc., to file its response briefs on or by August 27 and August 29, 2018. (*See* ECF Nos. 6, 10.) On August 23, 2018, the above parties submitted a joint motion to amend the Court's briefing schedule so that Plaintiff might be afforded more time to file its response. (ECF No. 27.) The Court, in an order dated August 28, 2018, granted that motion and provided a new response brief deadline of September 10, 2018 and a new hearing date of October 26, 2018. (ECF No. 28.) To date, Plaintiff has not filed any oppositions.

Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing (or when otherwise scheduled by the Court). Civ. Local R. 7.1.e.2; *Turner v. Berryhill*, No. 17CV1130-CAB-BGS, 2018 WL 501010, at *3 (S.D. Cal. Jan. 19, 2018). Failure to comply with the rule "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. Local rules have the force of law, *United States v. Hvass*, 355 U.S. 570, 574–75 (1958), and courts have discretion to dismiss cases for failure to comply with the local rules. *Ghazali v. Moran*, 36 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to grant the motion). Before dismissal, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (4) the availability of less drastic

sanctions.'" *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The Court concludes that the majority of the factors weigh in favor of dismissal. By all indications, Plaintiff was aware of the impending deadline to file its responsive pleadings—indeed, it was upon Plaintiff's urging that the Court reset the briefing schedule to the date requested. Four weeks have elapsed since the extended deadline, and still Plaintiff has not filed an opposition. Thus, the Court finds that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendant" all weigh in favor of granting the motion to dismiss. *See Ghazali*, 46 F.3d at 53.

In light of the above, it is hereby **ORDERED** that Defendants' motions to dismiss [ECF Nos. 4, 7, 23] are **GRANTED**; their motions to strike are **DENIED** as moot. [ECF Nos. 5, 21.] It is further **ORDERED** that the complaint, as stated against Defendants ITE, Ted Raich, and ISPA, is **DISMISSED WITHOUT PREJUDICE**.

Dated: October 9, 2018

Hon. Gonzalo P. Curiel
United States District Judge