UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMACY ENGINEERING, INC., a New Jersey Corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>ITE, INC., a Virginia Corporation; ISPA TECHNOLOGY, LLC, a Virginia Limited Liability Company; TED RAITCH, an individual; CHRISTIAN S. BROWN, an individual; and DOES 1-100,<br><br>                              Defendants. | Case No.: 3:18-cv-01781-GPC-MDD<br><br>**ORDER DENYING JOINT MOTION TO VACATE PRIOR ORDERS.**<br><br>**(ECF No. 63.)** |

On January 4, 2019, the Court granted in part and deferred in part Defendants' motion for attorneys' fees and denied Defendants' motion to amend the Court's prior orders and judgment. (ECF No. 45.) Then, on May 9, 2019, the Court denied Primacy's motion for reconsideration and granted Defendants' motion for attorney's fees. (ECF No. 58.) The Parties now move jointly to vacate these Orders.[1] (ECF No. 63.)

---

[1] The Parties' motion, in fact, asks that the Court vacate ECF No. 48. (*See* ECF No. 63.) That document,

1

The Parties' motion does not offer any case or authority for the Court to vacate prior orders, and provides no justification for vacating the subject orders other than a cursory reference to a settlement. (*Id.* at 2.) *Cf. True v. Am. Honda Motor Co.*, 520 F. Supp. 2d 1175, 1182 (C.D. Cal. 2007) (denying defendant's 12(b)(6) motion where defendant "cite[d] not a single case in support of its" argument); *Fed. Ins. Co. v. Cty. of Westchester*, 921 F. Supp. 1136, 1139 (S.D.N.Y. 1996) ("the adversary system, it is counsel's responsibility to explain why [its arguments] have legal merit; the Court does not serve as counsel's law clerk").

Moreover, a number of cases have denied motions to vacate an order after a settlement. *See, e.g.*, *POLAR-Mohr Maschinenvertriebsgesellschaft GmbH, Co. KG v. Zurich Am. Ins. Co.*, No. 17-CV-01804-WHO, 2018 WL 8344296, at *1 (N.D. Cal. May 11, 2018) ("The parties also stipulated to vacate the Order Regarding Cross-Motions for Summary Judgment, Dkt. No. 60. The parties lack the authority to agree to vacate court orders, it is not my practice to vacate orders as part of a settlement, and I will not vacate the one in question."); *Reynolds v. Allstate Ins. Co.*, No. C-10-4893-SI, 2012 WL 4753499, at *1 (N.D. Cal. Oct. 4, 2012) (declining to vacate an order on summary judgment as part of a global settlement). And, at a minimum, it appears district courts "are not obliged to vacate a prior order at the behest of the parties in order to facilitate settlement," *see Bates v. Union Oil Co.*, 944 F.2d 647, 650 (9th Cir. 1991), since "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole." *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994). "They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Id.*

---

however, is a motion and not an order. (*See* ECF No. 48 (captioned as, "PLAINTIFF PRIMACY ENGINEERING, INC.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES")). Based on the content of the Parties' motion, the Court assumes the Parties intended to refer to the Court's January 4, 2019 Order (i.e., ECF No. 45).

Consequently, in the absence of a persuasive argument explaining how and why the Court should vacate the cited orders following the Parties' settlement, the Court **DENIES** the Parties' request without prejudice.

**IT IS SO ORDERED.**

Dated: February 19, 2020

Hon. Gonzalo P. Curiel
United States District Judge